(Reap. Dec. 10624)

LORETZ & COMPANY v. UNITED STATES

Entry No. 28004.

(Decided November 13, 1963)

*Stein & Shostak* for the plaintiff.
*John W. Douglas*, Assistant Attorney General, for the defendant.

WILSON, Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation entered into between counsel for the respective parties:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, subject to the approval of the court, as to the merchandise covered by the entry the subject of the appeal for reappraisement enumerated in the attached Schedule of Cases, which is incorporated herein, that on the date of exportation thereof to the United States, the market value or the price at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States, including the cost of all containers and coverings of whatever nature and all costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment to the United States, were the invoice unit values net packed but not including the buying commission invoiced to Four Seas Company, Ltd.

That all the merchandise covered by the appeals for reappraisement was entered subsequent to February 27, 1958.

IT IS FURTHER STIPULATED AND AGREED that the merchandise the subject of the appeal for reappraisement enumerated in the attached schedule is not included on the list of articles designated by the Secretary of Treasury in T.D. 54521, as provided for in Section 6(a) of the Customs Simplification Act of 1956, Public Law 927, 84th Congress, required to be valued in accordance with Section 402(a) of the Tariff Act of 1930 as amended.

IT IS FURTHER STIPULATED AND AGREED that the appeal for reappraisement enumerated in the attached Schedule of Cases may be deemed submitted for decision on the foregoing stipulation.

On the agreed facts, I find and hold export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, T.D. 54165, to be the proper basis for the determination of the value of the involved merchandise and that such values were the invoice unit values, net, packed, but not including the buying commission invoiced to Four Seas Company, Ltd.

Judgment will be entered accordingly.